UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:12-CR-82-TLS |
| | ) | |
| CHRISTIAN SHELTON | ) | |

**OPINION AND ORDER**

The Defendant, Christian Shelton, is charged with drug and firearm offenses. Through a Motion for *Franks* Hearing [ECF No. 45], he maintains that the search warrant affidavit that served as the basis for a warrant to search his residence, and precipitated these federal charges, included false statements and omitted relevant information. He argues that, because these false statements and omissions were intentional or reckless and were essential to the probable cause finding, he is entitled to an evidentiary hearing to further explore the validity of the search warrant affidavit. The Government asserts that the Defendant has not made the substantial preliminary showing necessary to obtain a hearing. The Court agrees and, for the reasons set forth below, denies the Defendant's Motion.

**SEARCH WARRANT AFFIDAVIT**

On November 15, 2012, Detective Joshua Hartup, signed a search warrant affidavit seeking to obtain a warrant to search a particular residence in Fort Wayne, Indiana. Hartup expressed his belief that evidence of drug activity would be found at the residence. He noted that the Fort Wayne Police Department (FWPD) Vice and Narcotics Division had received two separate narcotic activity tips for the residence, with one of them mentioning high traffic activity in the evening and late at night. In response, the FWPD Vice and Narcotics Division conducted

surveillance of the residence in late October and early November. In the Affidavit, Hartup described the activity detectives observed that was consistent with narcotic transactions, such as numerous vehicles arriving and staying at the residence for only a short period of time. One such vehicle was stopped on October 26 after the driver committed a traffic violation, and he was found to be in possession of 3.0 grams of a substance that, according to a field test, was marijuana. Hartup interviewed the driver, who stated that he had worked with the FWPD in the past and wished to cooperate. Hartup confirmed that the driver had been a confidential informant in the past, and was believed to be credible and reliable with respect to three controlled purchases that led to a conviction. The driver stated that just before the traffic stop, he had purchased a "dime bag" of "weed" from a black male he knew as Chris at the target residence. The driver described Chris, provided his phone number, and identified Chris's vehicle as a tan Jeep Cherokee. Officers had observed a tan Jeep Cherokee outside the residence on numerous occasion. A check of Spillman records revealed that Christian Dior-Cardin Shelton lived at the address and matched the physical description provided by the confidential informant. According to a Reverse Phone Report, the phone number provided by the informant was registered to Christi Shelton.

Hartup also recounted in the Affidavit that one of the vehicles that arrived at the residence and left a short time later belonged to George Smith, "who has numerous local involvements for narcotic and weapon related charges." (Aff. 2, ECF No. 45-1.)

Hartup relayed his training and experience as an officer and, specifically, as an officer in the Vice and Narcotics Division. Hartup then described the types of items he expected could be found at the residence.

**STANDARD OF REVIEW**

Search warrant affidavits are presumed to be valid. *Franks v. Delaware*, 438 U.S. 154, 171 (1978). However, a search warrant is invalid if police officers obtain it by deliberately or recklessly providing the issuing court with false, material information. *United States v. McMurtrey*, 704 F.3d 502, 504 (7th Cir. 2013). In *Franks v. Delaware*, the Supreme Court defined the procedure, evidentiary burdens, and proper remedies associated with a defendant's attack on the truthfulness of statements made in a sworn affidavit supporting the issuance of a search warrant. To obtain a *Franks* hearing, the defendant must make a "substantial preliminary showing" of (1) a material falsity or omission that would alter the probable cause determination, and (2) a deliberate or reckless disregard for the truth. *McMurtrey*, 704 F.3d at 508.

> Allegations of negligent or innocent mistakes do not entitle a defendant to a hearing, nor do conclusory allegations of deliberately or recklessly false information. The defendant must identify specific portions of the warrant affidavit as intentional or reckless misrepresentations, and the claim of falsity should be substantiated by the sworn statements of witnesses. To obtain a hearing, the defendant must also show that if the deliberately or recklessly false statements were omitted, or if the deliberately or recklessly misleading omissions included, probable cause would have been absent. That showing does not necessarily entitle the defendant to a favorable finding on the merits, but it entitles the defendant to a hearing where he must prove falsity or recklessness (as well as materiality) by a preponderance of the evidence.

*McMurtrey*, 704 F.3d at 509 (internal citations omitted).

**ANALYSIS**

The Defendant identifies three aspects of the search warrant affidavit that he believes are problematic. The first is when Hartup swears that the evidence of drug activity that will be found at the residence includes "any United States currency used to purchase controlled substances by

3

the Fort Wayne Police Department prior to the execution of this warrant." (Aff. 1.) The Defendant argues that there was nothing in the Affidavit to suggest that any of the FWPD's money would be found at the residence, because no controlled purchases of drugs were made in the course of the investigation. Second, the Defendant questions the statements of the driver who claimed he bought marijuana from the Defendant, stating that he does not recollect being at home during the time of the alleged sale. The Defendant's final challenge to the Affidavit is to the accuracy of the statement that George Smith had numerous drug related involvements.

The Defendant's first challenge does not go to a statement that undermines the validity of the search warrant. The Fourth Amendment requires that a warrant "particularly describ[e] the . . . things to be seized." U.S. Const. amend. IV. The assertion regarding the type of drug related evidence that might be found at the residence, including "any United States currency" used by the FWPD to purchase drugs, was not relevant to whether the affidavit established probable cause to believe that evidence of drug activity would be found at the residence. The statement regarding the scope of the warrant is not subject to further review in a *Franks* hearing.

The Defendant challenges Hartup's statements regarding the driver who the police followed from the residence and stopped. The Defendant "believes the CI either does not exist or the CI was coerced into making false statements against the Defendant." (Motion 2, ECF No. 45.) He bases this belief on his recollection that he was not physically at his residence at the time of the alleged buy. "Conclusory, self-serving statements are not enough to obtain a *Franks* hearing." *United States v. Johnson*, 580 F.3d 666, 671 (7th Cir. 2009) (citing *Franks*, 438 U.S. at 171). Allegations of falsehood or reckless disregard for the truth must be "accompanied by an offer of proof." *Franks*, 438 U.S. at 171. The Defendant has not provided sworn statements from

witnesses or otherwise made an offer of proof to support his claim regarding his recollection of his whereabouts on October 26, 2012. Even if the Defendant had presented sworn testimony that he was not at home during the relevant time, this attack would go to the informant's truthfulness, not to Hartup's. But an attack on the informant's truthfulness does not satisfy the "substantial preliminary showing" of affiant falsity that is required to obtain a *Franks* hearing. *Franks*, 438 U.S. at 171 ("The deliberate falsity or reckless disregard whose impeachment is permitted . . . is only that of the affiant, not of any nongovernmental informant."); *United States v. Robinson*, 724 F.3d 878, 886 (7th Cir. 2013) (sworn declarations stating that the defendant was not at residence when informant said the defendant sold him drugs did not warrant a *Franks* hearing because whether the informant provided false information to police was not the relevant inquiry); *United States v. McDonald*, 723 F.2d 1288, 1293 (7th Cir. 1983) (the defendant's claim that he was not at his apartment when an informant said he offered him cocaine did not go to affiant's truthfulness and did not warrant *Franks* hearing). "It is not enough to show that an informant lied to the government officer, who then included those lies in the complaint. Instead, the evidence must show that the officer submitting the complaint perjured himself or acted recklessly because he seriously doubted or had obvious reason to doubt the truth of the allegations." *United States v. Johnson*, 580 F.3d 666, 670 (7th Cir. 2009) (citation omitted). The Defendant offers nothing to suggest that Hartup should have seriously doubted or had reason to doubt the truth of the informant's statements. Police had followed the informant from the residence where the Defendant's vehicle had been parked, the informant described the Defendant and his vehicle in detail, and the informant had proven reliable in past dealings as a confidential informant with the FWPD.

The final statement in the Affidavit that the Defendant challenges is the claim that George Smith, one of the persons who stopped at his residence for a brief period of time, had "numerous local involvements for narcotic and weapon related charges." (Aff. 2, ECF No. 45-1.) The Defendant claims that Smith is his cousin and states that he has a "good faith belief based on his long-term relationship with Mr. Smith that Mr. Smith does not have 'numerous' drug-related involvements." (Motion 2.) The Defendant makes no offer of proof to support his belief. It is a conclusory, self-serving statement and thus wholly insufficient to obtain a *Franks* hearing. *Johnson*, 580 F.3d at 671.

**CONCLUSION**

For the reasons stated above, the Defendant's Motion for *Franks* Hearing [ECF No. 45] is DENIED. A three (3) day jury trial is set to begin on October 14, 2014, at 8:30 AM before Judge Theresa L. Springmann, and a telephonic pretrial conference is set for September 29, 2014, at 2:30 PM. The Court will initiate the call. Any plea agreement should be filed with the Court on or before the date of the telephonic pretrial conference.

SO ORDERED on September 17, 2014.

                    s/ Theresa L. Springmann
                    THERESA L. SPRINGMANN
                    UNITED STATES DISTRICT COURT