UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cause No. 1:12-CR-82-HAB |
| ) | |
| CHRISTIAN SHELTON ) | |

## OPINION AND ORDER

Before the Court is a letter from Defendant requesting release due to the COVID-19 pandemic. (ECF No. 170). The letter was referred to the Federal Community Defender who declined to represent Defendant in this matter. (ECF No. 173). The Government filed its response in opposition (ECF No. 176) on June 16, 2020. The intervening months have seen a reply from Defendant (ECF No. 179) and a supplemental response from the Government (ECF No. 182). The matter is now ripe for review.

**A.    Defendant's Crimes**

On November 28, 2012, Defendant was indicted on three counts: maintaining a place for the purpose of distributing or manufacturing marijuana; possessing a firearm in furtherance of a drug crime; and possession of a firearm by a convicted felon. Defendant was found guilty of all three charges by a jury and sentenced to a term of 240 months' imprisonment. He is serving his sentence at FCI Pekin with an anticipated release date of February 2, 2030.

**B.    Legal Analysis**

Defendant's Motion requests a sentencing modification. Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however, one of which permits the court to reduce a sentence based on a retroactively applicable amendment to the sentencing guidelines that lowers the

defendant's guideline range. 18 U.S.C. § 3582(c)(2). Another allows a court to grant an inmate compassionate release if the inmate meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A).

Defendants request is one for compassionate release pursuant to § 3582(c)(1)(A). Under this provision, a court may not modify a term of imprisonment except that –

(1) in any case --

   (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . finds that—

   (i) extraordinary and compelling reasons warrant such a reduction …

   … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i).

Because the Defendant, not the Director of the BOP, filed the motions, the Government asserts that the Defendant must first demonstrate that he meets the statutory exhaustion requirement to proceed further. Defendant asserts that he has "excersised [sic] all [his] administrative remedies" through the BOP (ECF No. 453 at 6), while the Government asserts that there is no evidence Defendant has exhausted any administrative remedies (ECF No. 458 at 12). "Two questions are presented by this issue, namely whether the exhaustion requirement is jurisdictional and whether, if not jurisdictional, the exhaustion requirement is waivable over the government's objection." *United States v. Council*, No. 1:14-CR-14-5-TLS-SLC, 2020 WL 3097461, at *4 (N.D. Ind. June 11, 2020).

This Court has previously held that § 3582(c)(1)(A)'s exhaustion requirement is not jurisdictional, *see United States v. Hayden*, No. 1:07-CR-68-HAB, 2020 WL 2079293, at *1 (N.D.

2

Ind. Apr. 30, 2020), relying on the Seventh Circuit's decision in *United States v. Taylor*, 778 F.3d 667, 670 (7th Cir. 2015); *United States v. Santiago*, No. 2:16-CR-174-JVB-JEM, 2020 WL 3396899, at *2 (N.D. Ind. June 19, 2020) ("Because Congress did not mark the exhaustion requirement as jurisdictional, the Court finds that it is non-jurisdictional."); *United States v. Cox*, No. 4:18-cr-17-TWP-VTW-1, 2020 WL 1923220, at *3 (S.D. Ind. Apr. 21, 2020). Thus, the Defendant's motion is properly adjudicated in this Court regardless of whether he has or has not completed the statutory exhaustion process.[1]

The necessity of exhaustion is an ongoing debate throughout the country. Some courts have concluded that the exhaustion requirement is a mandatory one not subject to waiver or other equitable consideration; others make the case that rigid adherence to the exhaustion requirement precludes a district court from exercising judicial discretion to take into account exigent circumstances. *See United States v. Russell,* No. 1:14-CR-6-HAB, 2020 WL 2989160, at *3 (N.D. Ind. June 4, 2020) ("District courts across the country are struggling daily with whether strict compliance with the exhaustion provision is necessary, especially in light of the serious risks associated with COVID-19.") (listing cases). Because of the lack of clear precedent, this Court has previously "put to the side the thorny issue of exhaustion to tackle the easier issue" of whether the defendant in this case has presented extraordinary and compelling reasons to warrant a sentence reduction. *United States v. Wolfe*, 1:15-cr-169, 2020 WL 2615010, at *2 (S.D. Ind. May 22, 2020); *Council*, 2020 WL 3097461, at *5. This case is no different.

Defendant's initial letter identified no medical issues whatsoever that would qualify him for compassionate release. After this was pointed out by the Government, Defendant's reply

---

[1] The Court is aware that the Government resists the argument that § 3582(c)(1)(A)'s exhaustion requirement is not jurisdictional and has, in other compassionate release cases in this division, reserved its right to contest this issue. *See United States v. Shellman,* 1:17-cv-17, ECF No. 265 at fn. 4.

alleged a laundry list of maladies, including: congenital bronchitis, obesity, asthma, borderline diabetes, hypertension, and a history of smoking. Defendant also notes that his race, African American, puts him at greater risk for complications.

Congress did not define "extraordinary and compelling reasons" in the statute, instead delegating the matter to the Sentencing Commission to promulgate a policy statement that "describe[s] what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). The policy statement, contained in United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 and the accompanying Application Notes, in line with the statutory directive in § 3582(c)(1)(A), requires a court to make several findings.

First, the court must address whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). To this end, a court is to consider the medical condition of the defendant, his age, his family circumstances, and whether there exists in the defendant's case an extraordinary or compelling reason "other than or in combination with" the other reasons described in the Application Notes. Second, the Court must determine whether the Defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, the Court must consider the § 3553(a) factors, "to the extent they are applicable." U.S.S.G. § 1B1.13.

Additionally, when the Defendant moves for a reduction based on COVID-19, Courts have also considered: (1) the specificity of the defendant's COVID-19 concerns, (2) whether the defendant has a medical condition that makes him especially susceptible to the dangers of COVID-19, and (3) the extent that the defendant's release would mitigate or aggravate the COVID-19

pandemic. *See Council*, 2020 WL 3097461, at *5–7; *United States v. Barrett*, No. 2:17-CR-1, 2020 WL 3264112, at *3 (N.D. Ind. June 17, 2020); *see also United States v. Davis*, No. 2:19-CR-74-3, 2020 WL 1951652, at *1–2 (N.D. Ind. Apr. 23, 2020) (applying similar factors to consider whether there was a "compelling reason" for pretrial release due to the COVID-19 pandemic). In the context of the COVID-19 pandemic, "§ 3582(c)(1)(A) contemplates a sentence reduction for specific individuals based on the individuals' particular circumstances of where he is housed and his personal health conditions." *See Council*, 2020 WL 3097461, at *5; *United States v. Melgarejo*, No. 12-cr-20050, 2020 WL 2395982, at *3 (C.D.Ill. May 12, 2020). !

Whether Defendant's conditions would entitle him to compassionate release is a question the Court need not reach. Defendant bears the burden of establishing his entitlement to compassionate release. *United States v. Gold*, 2020 WL 2197839 at *1 (N.D. Ill. May 6, 2020). Other than Defendant's unverified reply, the Court has no evidence that Defendant suffers from any of the medical conditions he alleges. No medical records of any kind have been submitted into the record. The Court is not inclined to simply take Defendant's word for it and finds that he has failed to carry his burden.

As for his confinement, FCI Pekin currently has only seven positive inmate tests at the time of this Opinion and Order. https://www.bop.gov/coronavirus/. "The mere presence of COVID-19 in a particular prison cannot justify compassionate release—if it could, every inmate in that prison could obtain release." *See Melgarejo*, 2020 WL 2395982, at *3. Rather, "a prisoner [may] satisfy the extraordinary and compelling reasons requirement by showing that his particular institution is facing a serious outbreak of COVID-19 infections, the institution is unable to successfully contain the outbreak, and his health condition places him at significant risk of complications should he contract the virus." *Id.* at 5–6. *See also United States v. Raia,* 954 F.3d 594, 597 (3d Cir. 2020)

5

("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release.").

Aside from his generalized fear of contracting COVID-19, the Defendant has not set forth any basis for this Court to conclude that the institution is unable to successfully contain the outbreaks there. The Government's brief cites ongoing efforts by the Bureau of Prisons to take serious and substantial steps to reduce the spread of COVID-19 within its facilities. *See* Federal Bureau of Prisons, BOP's COVID-19 Response https://www.bop.gov/coronavirus/overview.jsp. The low infection rate at this institution is a testament to the BOP's mitigation and safety efforts.

Finally, with respect to the §3553(a) factors, the Court observes that the Defendant has served less than half of his 240-month sentence. This sentence was imposed to reflect the seriousness of the offense, promote respect for the law as well as to afford adequate deterrence and to protect the public from further crimes of the defendant. Most of the lengthy sentence is the result of his status as a career offender. Defendant has made several positive changes while incarcerated but they are not, in and of themselves, sufficient to overcome the original bases for his sentence. The Court finds that the significant sentence reduction that Defendant seeks would greatly undermine the above statutory purposes of sentencing.

**C.     Conclusion**

For the foregoing reasons, Defendant's letter (ECF No. 170) and Motion for Compassionate Release (ECF No. 179) are DENIED.

SO ORDERED on September 24, 2020.

    s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT